[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 138.]

OFFICE OF DISCIPLINARY COUNSEL *v.* BRAUN.

[Cite as *Disciplinary Counsel v. Braun*, 2000-Ohio-175.]

*Attorneys at law—Misconduct—One-year suspension with six months of sanction stayed—Handling a legal matter without proper preparation—Neglect of an entrusted legal matter—Failing to seek lawful objectives of client— Failing to carry out contract of employment for professional services— Prejudicing or damaging client during course of professional representation.*

(No. 00-760—Submitted July 6, 2000—Decided September 20, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances of the Supreme Court, No. 99-16.

———————————

{¶ 1} On April 12, 1999, relator, Office of Disciplinary Counsel, filed a five-count complaint charging respondent, Gary L. Braun of Warren, Ohio, Attorney Registration No. 0021431, with violating several Disciplinary Rules while representing clients from 1996 through 1998. After relator filed a motion for default, respondent filed a late answer. The matter was then referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} On the basis of stipulations and evidence at a hearing, the panel found that in August 1996, Kenneth S. Senediak hired respondent and paid him $250 to represent him in a wrongful discharge action. Respondent failed to file an action in the appropriate state court before the statute of limitations had run. As a result, Senediak filed a legal malpractice action against respondent, which was settled for $9,000.

**{¶ 3}** The panel also found that in May 1998, Mark Landers retained respondent to represent him in a request for review of the amount set forth in a child support order. Because he attended his father-in-law's funeral, respondent did not appear for the continued hearing in the child support matter. Although Landers was without counsel, the court proceeded to set a new support order, vacated a previously entered order of companionship, and terminated his visitation rights pending an investigation.

**{¶ 4}** In addition, the panel found that in July and September 1997, Doreen Caudill gave respondent a total of $550 to file a bankruptcy petition on her behalf. Thereafter Caudill was unable to contact respondent, and, in December 1997, one of her creditors sent her a letter stating that her loan was in default and that it intended to file suit against her. Caudill sent the letter to respondent, but he took no action. In January 1998, the creditor obtained a judgment and proceeded to attach Caudill's wages. The panel found that a bankruptcy petition for Caudill was never filed and that her wages were attached in the amount of $1,599.66.

**{¶ 5}** The relator withdrew two other counts of the complaint.

**{¶ 6}** The panel concluded that respondent's conduct in the Senediak, Landers, and Caudill matters violated DR 6-101(A)(2) (handling a legal matter without proper preparation), 6-101(A)(3) (neglecting an entrusted legal matter), 7-101(A)(1) (failing to seek the lawful objectives of a client), 7-101(A)(2) (failing to carry out a contract of employment for professional services), and 7-101(A)(3) (prejudicing or damaging a client during the course of a professional representation).

**{¶ 7}** The panel noted in mitigation that during the period covered by these matters, respondent was undergoing severe marital stress and suffered from clinical depression. The panel recommended a one-year suspension with six months stayed. The board adopted the findings, conclusions, and recommendation of the panel.

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Dianna M. Anelli*, Assistant Disciplinary Counsel, for relator.

*Gary L. Braun*, *pro se.*

_____

***Per Curiam.***

{¶ 8} Having reviewed the record, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law in Ohio for one year, with six months of that year stayed. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____