Per Curiam.
{¶ 1} Respondent, Kenneth J. Lewis of Hinckley, Ohio, Attorney Registration No. 0073002, was admitted to the practice of law in Ohio in 2000. In April 2008, relator, Medina County Bar Association, filed a complaint against respondent alleging that he had forged a judge’s signature on a previously time-stamped judgment entry.
{¶ 2} Respondent stipulated to the facts and violations set forth in the complaint, namely Prof.Cond.R. 8.4(b) (prohibiting illegal conduct adversely reflecting on a lawyer’s honesty or trustworthiness), 8.4(c) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (prohibiting conduct prejudicial to the administration of justice), and 8.4(h) (prohibiting conduct adversely reflecting on a lawyer’s fitness to practice law). A panel of the Board of Commissioners on Grievances and Discipline heard the matter on September 27, 2008, and recommended that respondent’s license to practice law be suspended for one year. The board adopted the panel’s findings of fact and conclusions of law but not its recommendation, advocating instead a two-year suspension. Respondent filed objections to the board’s report, urging a six-month suspension with all six months stayed. The appropriate sanction to be imposed is the issue now before us.
{¶ 3} Respondent was retained by Danielle Burkhard in 2007 to represent her before the Berea Municipal Court on traffic charges. Of vital importance to Burkhard was the retention of occupational driving privileges. Although the court had a standard form, motions and entries drafted by an attorney were usually accepted.
{¶ 4} Respondent drafted his own motion and judgment entry for driving privileges in Burkhard’s case and presented several copies to a court deputy clerk on May 21, 2007. According to respondent, the clerk began to time-stamp the *597 documents, but then handed them back and told respondent to use the standard forms instead. Respondent scheduled a hearing for Burkhard and left.
{¶ 5} On May 25, respondent and Burkhard attended a pretrial. According to respondent, after the pretrial, Burkhard asked about the process of receiving driving privileges. He claims that Burkhard asked, “What does the driving privileges look like?” Respondent admits that he answered her by pulling out the rejected time-stamped judgment entry from four days earlier and, in Burk-hard’s presence, signing the judge’s name to it and giving it to her. Respondent then let Burkhard leave with the document and did not “even think twice about it.”
{¶ 6} Burkhard later met with her probation officer and discussed driving privileges. Burkhard gave the officer the judgment entry with the judge’s forged signature. The probation officer apparently recognized the signature as a forgery and informed the Berea Municipal Court.
{¶ 7} At the panel hearing, respondent could offer no explanation for his actions. He testified, however, that it was never his intent to make Burkhard believe that she had driving privileges at that time. He attributed his behavior to a “serious lapse of judgment” and expressed shame and remorse for it.
{¶ 8} In urging a shorter, stayed suspension, respondent emphasized (1) his full cooperation with the disciplinary process, (2) his lack of any prior disciplinary offenses, (3) the absence of any pattern of misconduct, (4) the admission and recognition of the wrongfulness of his acts, (5) the lack of client harm, and (6) his good reputation in the community. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline (“BCGD Proc.Reg.”) 10(B)(2)(a), (b), (d), and (e).
{¶ 9} Respondent insisted that his actions lacked a selfish or dishonest motive. He produced an affidavit from Raymond J. Wohl, clerk of courts for Berea Municipal Court, who stated, “Driving privileges are routinely granted in OVI cases, such as Ms. Burkhard’s.” Respondent argues that the forged instrument did not advance Burkhard’s desire for driving privileges. Respondent did not present Burkhard’s testimony to corroborate his own.
{¶ 10} The panel unanimously found that respondent “was not truthful on the witness stand when he testified that the only reason he forged the Judge’s signature was because his client wanted to see what a Judgment Entry granting occupational driving privileges would look like. This explanation is simply not believable.”
{¶ 11} The board deferred to the panel’s credibility determination, as do we. Respondent’s lack of credibility coupled with the seriousness of the offense *598 persuades us that an actual rather than a stayed suspension is warranted, and we accept the panel’s recommended sanction. Respondent, in the presence of his client, forged a judge’s signature on a time-stamped judgment entry and then gave it to the client. In doing so, moreover, respondent, in his own words, did not “think twice about it.”
{¶ 12} Respondent is hereby suspended from the practice of law for one year. Costs are taxed to respondent.
Judgment accordingly.
Moyer, C.J., and Pfeifer, O’Connor, O’Donnell, and Cupp, JJ., concur.
Lundberg Stratton and Lanzinger, JJ., dissent.