TRUMBULL COUNTY BAR ASSOCIATION *v.* BRAUN.

[Cite as *Trumbull Cty. Bar Assn. v. Braun,*

133 Ohio St.3d 541, 2012-Ohio-5136.]

*Attorney misconduct, including failing to diligently represent and consult with client, failing to hold client funds in a trust account separate from attorney's funds, and failing to cooperate in the disciplinary investigation—Indefinite suspension.*

(No. 2012-0667—Submitted June 6, 2012—Decided November 8, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-030.

_____

**Per Curiam**.

{¶ 1} Respondent, Gary Lee Braun of Leavittsburg, Ohio, Attorney Registration No. 0021431, was admitted to the practice of law in Ohio in 1983. On September 20, 2000, we suspended Braun from the practice of law for one year, with six months of that year stayed, for neglecting client matters, failing to seek lawful client objectives, and prejudicing a client during the course of representation. *Disciplinary Counsel v. Braun*, 90 Ohio St.3d 138, 735 N.E.2d 430 (2000). On June 14, 2002, we found Braun in contempt of our September 2000 order because he had not surrendered his attorney-registration card or filed his affidavit of compliance. *Disciplinary Counsel v. Braun*, 95 Ohio St.3d 1492, 2002-Ohio-2871, 769 N.E.2d 874. On June 15, 2006, we reinstated Braun to the practice of law in Ohio. *Disciplinary Counsel v. Braun*, 2006-Ohio-2997.

{¶ 2} On April 11, 2011, relator, Trumbull County Bar Association, filed a complaint alleging that Braun had committed professional misconduct by, among other things, failing to diligently represent and consult with his client;

failing to keep the client informed and to respond to requests for information; failing to hold the client's funds in a trust account, separate from his own funds; and failing to cooperate in the resulting disciplinary investigation. Braun did not file an answer, and relator therefore moved for an entry of default.

{¶ 3} The Board of Commissioners on Grievances and Discipline appointed a master commissioner, who found that Braun had committed some of the charged misconduct and recommended that he be indefinitely suspended from the practice of law. The board adopted the master commissioner's findings of fact and misconduct as well as the recommended sanction. Other than the one exception noted below, we adopt the board's report, and we indefinitely suspend Braun from the practice of law.

## Misconduct

{¶ 4} Based on the sworn evidence submitted by relator, the board found that on September 15, 2009, John E. Mirto retained Braun to represent him in a divorce action. Although Braun did not provide Mirto with a written fee agreement or otherwise memorialize the terms and conditions of Braun's representation, Braun requested a $250 retainer to "get the case going." Mirto paid the retainer by personal check, which Braun cashed. Mirto also provided Braun with papers and documents to pursue the divorce action and directed him to file the proceeding in Trumbull County. Mirto told Braun that his wife was attempting to establish residency in Fulton County so she could file her own action for divorce there. Braun promised to promptly prepare and file the divorce complaint in Trumbull County.

{¶ 5} Mirto, however, did not hear anything from Braun, nor did Mirto receive copies of the divorce papers that Braun had promised to prepare and file in Trumbull County. Mirto called Braun on several occasions, but Braun did not return any of his phone calls. By October 20, 2009, Mirto's wife filed an action

for divorce in Fulton County. Because of Braun's inaction, Mirto was required to secure new counsel in Fulton County and defend the divorce action there.

{¶ 6} On November 7, 2009, Mirto was arrested in Fulton County while attempting to visit his son. Mirto called Braun from the back seat of the police cruiser, and Braun agreed to secure bond for Mirto's release and to represent him in the criminal action in Fulton County. Mirto was subsequently arraigned on November 9, 2009, and released on his own recognizance. Braun, however, failed to enter an appearance in the criminal case and would not return any of Mirto's subsequent telephone calls. Again, Mirto was forced to secure different counsel to represent him in Fulton County.

{¶ 7} Mirto subsequently filed a grievance against Braun with relator. In February 2010, relator sent Braun a letter of inquiry requesting that he contact relator to discuss the complaint. Braun did not respond. In August 2010, relator sent Braun another letter informing him that failure to cooperate in an investigation constitutes a disciplinary violation and urging him to contact relator as soon as possible. According to relator, in September 2010, one of relator's investigators finally reached Braun by telephone, and Braun and the investigator met in person. Nonetheless, on April 11, 2011, relator filed its formal complaint, which Braun accepted by certified mail. However, Braun failed to file an answer or otherwise appear in this action, despite further attempts by relator to contact him in June and July of 2011.

{¶ 8} The master commissioner and board found that Braun's conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(2) (requiring a lawyer to reasonably consult with the client about the means by which the client's objectives are to be accomplished), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), and 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client) and Gov.Bar

R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation). We adopt these findings of fact and misconduct.

{¶ 9} Relator also charged Braun with violations of Prof.Cond.R. 1.15(a) (requiring a lawyer to hold funds of clients in an interest-bearing client trust account, separate from the lawyer's own funds), 1.15(a)(1) (requiring a lawyer to maintain a copy of any fee agreement with each client), 1.15(a)(2) (requiring a lawyer to maintain a record for each client on whose behalf funds are held), 1.15(c) (requiring a lawyer to deposit into a client trust account legal fees and expenses that have been paid in advance), and 1.15(d) (requiring a lawyer to promptly deliver funds or other property that the client is entitled to receive, and upon request, to promptly render a full accounting of funds or property in which a client or third party has an interest). The board recommends that we dismiss the charges under Prof.Cond.R. 1.15(a), 1.15(a)(2), 1.15(c), and 1.15(d) for insufficient evidence. We adopt the board's findings and hereby dismiss these charges. The board found, however, that sufficient evidence existed to prove a Prof.Cond.R. 1.15(a)(1) violation. We disagree and find that the record does not clearly and convincingly show that Braun committed the alleged misconduct. Accordingly, we dismiss this charge.

### Sanction

{¶ 10} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 11} We have already addressed how Braun breached ethical duties owed to his client. He not only neglected client matters by failing to keep Mirto

4

reasonably informed and failing to comply with Mirto's reasonable requests, he also retained a fee without performing the work. In addition, Braun failed to cooperate in the ensuing disciplinary investigation.

{¶ 12} The board did not find any mitigating factors in this case. The aggravating factors are that Braun has a prior disciplinary record for similar misconduct, he did not cooperate in the disciplinary process, he refused to acknowledge the wrongful nature of his conduct, his conduct harmed a vulnerable client, and he failed to make restitution. *See* BCGD Proc.Reg. 10(B)(1)(a), (e), (g), (h), and (i). In light of these factors, the master commissioner and the board recommended that Braun be indefinitely suspended for his misconduct.

{¶ 13} We have previously recognized that "an attorney's neglect of legal matters and failure to cooperate in the ensuing disciplinary investigation warrant an indefinite suspension." *Disciplinary Counsel v. Mathewson*, 113 Ohio St.3d 365, 2007-Ohio-2076, 865 N.E.2d 891, ¶ 19; *see also Disciplinary Counsel v. Hoff*, 124 Ohio St.3d 269, 2010-Ohio-136, 921 N.E.2d 636, ¶ 10. We agree with the board that an indefinite suspension is warranted here.

{¶ 14} Accordingly, Gary Lee Braun is indefinitely suspended from the practice of law in Ohio. Costs are taxed to Braun.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Randil J. Rudloff and Edward L. Lavelle, for relator.

_____