**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
*Lorain Cty. Bar Assn. v. Lewis,* **Slip Opinion No. 2018-Ohio-2024.]**

<u>NOTICE</u>

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-2024

LORAIN COUNTY BAR ASSOCIATION *v.* LEWIS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lorain Cty. Bar Assn. v. Lewis,* Slip Opinion No. 2018-Ohio-2024.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including committing an illegal act and engaging in conduct involving dishonesty—Submitting a false written witness statement to police—Two-year suspension, with six months stayed on conditions.*

(No. 2017-1419—Submitted November 21, 2017—Decided May 30, 2018.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2016-033.

_____

**Per Curiam.**

{¶ 1} Respondent, Kenneth James Lewis, of Cleveland, Ohio, Attorney Registration No. 0073002, was admitted to the practice of law in Ohio in 2000. In 2009, we suspended him for one year after finding that he had forged a judge's

signature on a previously time-stamped judgment entry. *Medina Cty. Bar Assn. v. Lewis*, 121 Ohio St.3d 596, 2009-Ohio-1765, 906 N.E.2d 1102.

{¶ 2} In April 2017, relator, Lorain County Bar Association, charged Lewis with violating multiple professional-conduct rules for, among other things, giving a false written witness statement about an alcohol-related traffic incident. Lewis stipulated to some, but not all, of the charged misconduct, and the matter proceeded to a hearing before a three-member panel of the Board of Professional Conduct. The panel found that Lewis engaged in the stipulated misconduct, dismissed all other counts against him, and recommended that we suspend him for two years, with the final six months stayed on conditions. The board issued a report adopting the panel's findings and recommended sanction, and neither party has objected to the board's report.

{¶ 3} Based on our review of the record, we adopt the board's findings of misconduct and recommended sanction.

**Misconduct**

{¶ 4} At around 1:00 a.m. on June 8, 2016, Lewis and another attorney, Heather Wilsey, left a bar in Elyria, Ohio, and entered Lewis's car.[1] According to Lewis, they were both intoxicated and Wilsey was driving. Wilsey lost control of the car, and it struck a utility pole and ended up in a tree lawn on the other side of the street, rendering the vehicle inoperable. Shortly after the accident, an Elyria police officer observed Lewis and Wilsey walking away from the scene and stopped them for questioning.

{¶ 5} At Lewis's disciplinary hearing, two Elyria police officers testified that during their questioning of Lewis and Wilsey at the scene, Lewis told them that an unknown African American man had been driving the car at the time of the

---

[1] Relator filed a separate disciplinary action against Wilsey. But according to the board's report—and as substantiated by evidence in the record—the action against Wilsey was dismissed after she died of an apparent drug overdose during the pendency of her case.

accident and that Lewis and Wilsey were only passengers in the vehicle. Lewis testified, however, that it was Wilsey—not him—who had told the officers that another man had been driving the car and that he had merely confirmed her story by telling an officer "that it happened just like she said it did." Regardless, Lewis admitted that the following day, he submitted a false written witness statement to the police. Specifically, Lewis affirmatively declared in his written statement that on the night of the accident, he had given his car keys to an unknown man who agreed to drive Lewis and Wilsey to her home, that the unknown man crashed Lewis's car, that Lewis sat in the back seat and Wilsey sat in the passenger seat, and that the man left the scene after the accident. According to Lewis, he made the false statements to protect Wilsey, with whom he had recently begun a romantic relationship.

{¶ 6} The police, however, had obtained a video recording from the bar showing that Lewis and Wilsey had left the establishment by themselves just prior to the accident, with Wilsey driving. Therefore, immediately after Lewis gave the false written statement at the Elyria police station, the police arrested him for obstructing official business, a second-degree misdemeanor. Relator subsequently opened a disciplinary investigation regarding the pending charge.

{¶ 7} On September 12, 2016—during the pendency of the Elyria case and this disciplinary matter—Lewis and Wilsey were involved in another alcohol-related traffic incident, and an officer with the Brunswick Hills police department arrested Lewis for operating a motor vehicle while under the influence of alcohol ("OVI"). Four days later, on September 16, Lewis appeared in Medina Municipal Court and entered a no-contest plea to the OVI charge. The court found him guilty, suspended his driver's license, and imposed a fine. Lewis did not voluntarily disclose his OVI conviction to relator, although relator later learned of the conviction from another source.

{¶ 8} On September 20, 2016—just four days after Lewis's OVI conviction in the Medina court—he appeared in Elyria Municipal Court and entered a no-contest plea to the charge of obstructing official business. The court found him guilty and later sentenced him to 90 days in jail with 80 days suspended and imposed a one-year term of probation and a $750 fine. Lewis served his ten-day jail sentence in November and December 2016.

{¶ 9} Lewis stipulated and the board found that by giving the false written statement to the Elyria police department, he violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). We agree with the board's findings of misconduct.

### Sanction

{¶ 10} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

*Aggravating and mitigating factors*

{¶ 11} As aggravating factors, the board found that Lewis has a prior disciplinary record and that he acted with a dishonest and selfish motive. *See* Gov.Bar R. V(13)(B)(1) and (2). In mitigation, the board noted that Lewis submitted evidence establishing that he has a good reputation among his clients and also noted that criminal sanctions were imposed for his misconduct. *See* Gov.Bar R. V(13)(C)(5) and (6). The board refused to assign any aggravating or mitigating weight regarding Lewis's cooperation during the disciplinary proceedings, finding that although he cooperated with relator regarding the Elyria incident, he should

have been more forthcoming with relator about his OVI conviction. *See* Gov.Bar R. V(13)(B)(5) and (C)(4).

{¶ 12} The board also noted that Lewis took responsibility for his poor judgment, showed remorse, and appeared to be successfully addressing an alcohol addiction. Specifically, in February 2017, he completed a five-week intensive-outpatient-treatment program for alcohol dependency, and in May 2017, he completed a 12-week outpatient/aftercare program. He also signed a contract with the Ohio Lawyers Assistance Program ("OLAP") and, at the time of his disciplinary hearing, was active in Alcoholics Anonymous ("AA"). The board did not find that Lewis's alcohol dependency qualified as a mitigating factor under Gov.Bar R. V(13)(C)(7), likely because that rule requires a determination that the disorder contributed to his misconduct, and the board noted that there was no evidence that Lewis's addiction caused him to give the false written statement to the police. Indeed, Lewis admitted that he had misrepresented the facts of the accident to protect Wilsey and that he was not intoxicated at the time he gave the false written statement. Nonetheless, the board considered Lewis's successful treatment in recommending its sanction.

*Applicable precedent*

{¶ 13} To support its recommended sanction, the board reviewed several cases imposing sanctions on attorneys with prior disciplinary records for dishonest conduct. For example, the board cited *Mahoning Cty. Bar Assn. v. DiMartino*, 145 Ohio St.3d 391, 2016-Ohio-536, 49 N.E.3d 1280, in which an attorney engaged in dishonest conduct toward a client, neglected two client matters, mishandled funds in his client trust account, and failed to cooperate in disciplinary investigations. We had previously disciplined the attorney in three other cases, including one matter in which he made a false statement on a government application. We indefinitely suspended him from the practice of law.

**{¶ 14}** The board also cited *Warren Cty. Bar Assn. v. Marshall*, 113 Ohio St.3d 54, 2007-Ohio-980, 862 N.E.2d 519, in which an attorney neglected two client matters and made a false statement to the relator during an investigation. We had previously disciplined the attorney for dishonesty, neglecting client matters, and other misconduct only a few years earlier. In mitigation, the board noted that the attorney had cooperated in the disciplinary process, but we gave little weight to his cooperation, based on the consideration that he had failed to appreciate the serious nature of his offenses. We suspended the attorney for two years.

**{¶ 15}** Similar to the attorneys in *DiMartino* and *Marshall*, Lewis has previously been disciplined for dishonest conduct and is the subject of another disciplinary action for his dishonesty. The board found, however, that Lewis's false written statement here was not as egregious as the attorneys' misconduct in *DiMartino* and other cases in which we have imposed indefinite suspensions for attorneys with prior discipline. And considering that Lewis took responsibility for his actions, expressed remorse, and appeared to be sustaining a period of successful treatment for his addiction, the board concluded that a two-year suspension, with the final six months stayed on conditions, is the appropriate sanction in this case.

**{¶ 16}** We agree with the board's reasoning. "Respect for our profession is diminished with every deceitful act of a lawyer. We cannot expect citizens to trust that lawyers are honest if we have not * * * sanctioned those who are not." *Disciplinary Counsel v. Fowerbaugh*, 74 Ohio St.3d 187, 190, 658 N.E.2d 237 (1995). The board's recommended sanction demonstrates to the bar and the public that deceitful conduct—even in the context of an attorney's personal affairs—will not be tolerated. However, the sanction also gives Lewis the opportunity to practice law again if he continues with treatment for his alcohol addiction and avoids additional misconduct. Therefore, having reviewed the record and considered the sanctions imposed for comparable conduct, we adopt the board's recommended sanction.

**Conclusion**

{¶ 17} For the reasons explained above, Kenneth James Lewis is hereby suspended from the practice of law for two years, with the final six months stayed on the conditions that he (1) comply with all terms of his OLAP contract and any extension of that contract, (2) continue attending AA meetings and stay in regular contact with his sponsor, and (3) refrain from further misconduct. In applying for reinstatement, Lewis must submit evidence demonstrating that he is able to return to the competent, ethical, and professional practice of law. Upon reinstatement, Lewis must submit to a two-year period of monitored probation in accordance with Gov.Bar R. V(21) to help ensure his continued abstinence from alcohol. If Lewis fails to comply with a condition of the stay, the stay will be lifted and he will serve the entire two-year suspension. Costs are taxed to Lewis.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FISCHER, and DEWINE, JJ., concur.

FRENCH, J., concurs in judgment only.

DEGENARO, J., not participating.

————————————

Wickens, Herzer, Panza, Cook & Batista Co. and Daniel A. Cook; Trigilio & Stephenson, P.L.L., and Richard Mellott Jr., Bar Counsel, for relator.

Gallagher Sharp, L.L.P., Timothy T. Brick, and Kevin R. Marchaza, for respondent.

————————————