**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Lorain Cty. Bar Assn. v. Lewis*, **Slip Opinion No. 2021-Ohio-805.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-805

LORAIN COUNTY BAR ASSOCIATION *v.* LEWIS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lorain Cty. Bar Assn. v. Lewis*, Slip Opinion No. 2021-Ohio-805.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—Two-year suspension with conditions.*

(No. 2020-0971—Submitted January 13, 2021—Decided March 18, 2021.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2020-009.

_____

**Per Curiam.**

{¶ 1} Respondent, Kenneth James Lewis, of North Ridgeville, Ohio, Attorney Registration No. 0073002, was admitted to the practice of law in Ohio in 2000.

{¶ 2} In 2009, we suspended his license for one year after finding that he had forged a judge's signature on a previously time-stamped judgment entry.

*Medina Cty. Bar Assn. v. Lewis*, 121 Ohio St.3d 596, 2009-Ohio-1765, 906 N.E.2d 1102. In 2018, we suspended his license for two years, with the final six months stayed, for giving a false written statement to the police about an alcohol-related traffic incident. *Lorain Cty. Bar Assn. v. Lewis*, 152 Ohio St.3d 614, 2018-Ohio-2024, 99 N.E.3d 404. We conditioned the stayed portion of that suspension on Lewis's compliance with a contract with the Ohio Lawyers Assistance Program ("OLAP") and his continued involvement with Alcoholics Anonymous. *Id.* at ¶ 17. Although Lewis's second suspension expired on May 30, 2020, he has not applied for reinstatement and therefore remains under suspension.

{¶ 3} In February 2020, relator, the Lorain County Bar Association, charged Lewis with failing to communicate with and diligently represent a client in a domestic-relations matter. Relator alleged that the misconduct occurred in early 2018, i.e., before we imposed Lewis's second suspension. Lewis stipulated to the charges. After a hearing, the Board of Professional Conduct issued a report finding that Lewis had engaged in the charged misconduct and recommending that we suspend him for two years, with the suspension retroactive to May 30, 2020. Neither party has objected to the board's report and recommendation.

{¶ 4} Based on our review of the record, we adopt the board's findings of misconduct and recommended sanction.

## Misconduct

{¶ 5} In June 2017, Sandra Deem retained Lewis to represent her in a marriage-dissolution proceeding, and on December 5, 2017, the court entered a judgment entry of dissolution. The entry required Lewis to prepare and submit qualified domestic relations orders ("QDROs") by February 28, 2018, in order to divide the parties' retirement assets. Lewis, however, failed to prepare the QDROs and had no further communication with Deem after the court's December 5 judgment entry. By April 2018, none of the retirement funds had been distributed. Deem filed a grievance against Lewis in which she alleged that he had not only

failed to submit the QDROs but also failed to return phone calls from her and her ex-husband inquiring about the status of the matter. Deem was later forced to retain new counsel to complete the necessary QDROs. On May 4, 2020—about six weeks before his disciplinary hearing—Lewis made restitution to Deem in the amount of $2,490, which covered her costs for hiring new counsel and an outside company to prepare the QDROs.

{¶ 6} Based on this conduct, Lewis stipulated and the board found that he had violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep a client reasonably informed about the status of a matter), and 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from a client). We agree with the board's findings of misconduct.

## Sanction

{¶ 7} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 8} The board found two aggravating factors—Lewis has a prior disciplinary record and committed multiple offenses. *See* Gov.Bar R. V(13)(B)(1) and (4). As mitigating factors, the board found that Lewis lacked a dishonest or selfish motive, made restitution to Deem, and displayed a cooperative attitude toward the disciplinary proceedings. *See* Gov.Bar R. V(13)(C)(2), (3), and (4). The board also noted that Lewis expressed sincere regret for mishandling Deem's case.

{¶ 9} The parties jointly recommended that Lewis serve a two-year suspension and submit to another OLAP assessment and that Lewis serve a one-year term of monitored probation upon his reinstatement. The board noted that if Lewis had had a clean disciplinary record, his misconduct here—neglect of a single client matter—would likely warrant a public reprimand or a fully stayed

suspension. But considering Lewis's two prior suspensions, the board recommends the stipulated sanction, which it found to be within the range of appropriate sanctions for previously disciplined attorneys who committed misconduct similar to Lewis's. *See, e.g.*, *Lorain Cty. Bar Assn. v. Haynes*, 160 Ohio St.3d 308, 2020-Ohio-1570, 156 N.E.3d 867 (imposing a conditionally stayed six-month suspension on an attorney who failed to timely file a QDRO on behalf of a domestic-relations client; the attorney had one prior disciplinary case); *Disciplinary Counsel v. Engel*, 154 Ohio St.3d 209, 2018-Ohio-2988, 113 N.E.3d 481 (imposing a two-year suspension, with 18 months conditionally stayed, on an attorney whose misconduct included neglecting a single client's matter; the attorney had two prior disciplinary cases); *Trumbull Cty. Bar Assn. v. Braun*, 133 Ohio St.3d 541, 2012-Ohio-5136, 979 N.E.2d 326 (indefinitely suspending an attorney in a default proceeding for misconduct that included neglecting a single client's matter; the attorney had one prior disciplinary case and had been found in contempt of our disciplinary order in that case).

{¶ 10} Because this disciplinary matter was pending when Lewis's second suspension expired and because Gov.Bar R. V(24)(C)(4) prohibits us from reinstating a suspended attorney if formal disciplinary proceedings are pending against the attorney, the board recommends that Lewis's suspension be retroactive to May 30, 2020, the date after which he would have been eligible to seek reinstatement but for the pendency of this action. The board also recommends that we subject Lewis's reinstatement to certain conditions, including obtaining another OLAP assessment and appointing a probation monitor to help Lewis comply with OLAP's recommendations. The board noted that there was no evidence that Lewis's history of alcohol abuse—as described in *Lorain Cty. Bar Assn. v. Lewis*, 152 Ohio St.3d 614, 2018-Ohio-2024, 99 N.E.3d 404—contributed to the misconduct in this case. Nevertheless, the board accepted the parties' stipulation that another OLAP assessment is warranted.

{¶ 11} As previously explained, "it is reasonable and proper to consider [an attorney's] previous sanction * * * and to impose a harsher sanction than we might otherwise impose for an attorney who committed comparable conduct but had no prior discipline." *Disciplinary Counsel v. Dann*, 134 Ohio St.3d 68, 2012-Ohio-5337, 979 N.E.2d 1263, ¶ 20. After independently reviewing the record and considering the aggravating and mitigating factors and relevant precedent, we agree that a two-year suspension, with the board-recommended conditions on reinstatement, is the appropriate sanction in this case.

### Conclusion

{¶ 12} For the reasons explained above, Kenneth James Lewis is suspended from the practice of law in Ohio for two years, with the suspension commencing on May 30, 2020. In addition to the requirements of Gov.Bar R. V(24), Lewis's reinstatement shall be subject to the requirements that he (1) obtain an OLAP assessment and comply with any recommendations resulting from that assessment and (2) complete six hours of continuing legal education in law-office management, in addition to the other requirements of Gov.Bar R. X. Upon reinstatement, Lewis shall complete a one-year period of monitored probation in accordance with Gov.Bar R. V(21) focusing on his compliance with any recommendations made by OLAP. Costs are taxed to Lewis.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

O'Toole, McLaughlin, Dooley & Pecora Co., L.P.A., Matthew A. Dooley, and Michael R. Briach; and Charlita Anderson White, Bar Counsel, for relator.

Kenneth J. Lewis, pro se.

_____