COLUMBUS BAR ASSOCIATION *v.* ALLERDING.

[Cite as *Columbus Bar Assn. v. Allerding,*

123 Ohio St.3d 382, 2009-Ohio-5589.]

*Attorney misconduct, including failing to diligently assist a client in administering*
*an estate and failing to return property belonging to prospective clients —*
*Two-year stayed suspension.*

(No. 2009-1199 — Submitted August 11, 2009 — Decided October 29, 2009.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and
Discipline of the Supreme Court, No. 08-064.

_____

**Per Curiam**.

{¶ 1} Respondent, Michael Paul Allerding of Columbus, Ohio, Attorney
Registration No. 0025854, was admitted to the practice of law in Ohio in 1975.
The Board of Commissioners on Grievances and Discipline recommends that we
suspend respondent's license to practice for two years, but stay the suspension on
conditions aimed at managing his alcoholism, including monitored probation.
The board's recommendation is based on findings that respondent committed
professional misconduct by failing to diligently assist a client in administering a
decedent's estate, to return property belonging to prospective clients, and to
appropriately cooperate in the disciplinary investigation. We accept the findings
that respondent violated ethical standards incumbent on Ohio lawyers and the
recommended sanction of a two-year conditionally stayed suspension.

{¶ 2} Relator, Columbus Bar Association, charged respondent with four
counts of misconduct, alleging violations of the Disciplinary Rules of the Code of
Professional Responsibility and the Rules of Professional Conduct.[1] A panel of

_____

1. Relator charged respondent with misconduct under applicable rules for acts occurring before
and after February 1, 2007, the effective date of the Rules of Professional Conduct, which

three board members heard the case and made findings of fact and conclusions of law. The panel dismissed several charges for lack of the requisite clear and convincing evidence and recommended the two-year conditionally stayed suspension. The board adopted the panel's findings of misconduct and its recommendation as to sanction.

{¶ 3} The parties have not objected to the board's report.

## Misconduct

### Count I

{¶ 4} Count I charged respondent with violations of Prof.Cond.R. 1.1 (requiring a lawyer to competently represent a client by providing the legal knowledge, skill, thoroughness, and preparation reasonably necessary under the circumstances), 1.3 (requiring a lawyer to act with reasonable diligence and promptness in representing a client), 1.15(d) (requiring a lawyer to promptly deliver to a client funds or property that the client is entitled to receive), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). Respondent admitted that he had committed this misconduct after promising for a client to promptly open and oversee the administration of his mother's estate.

{¶ 5} According to the stipulations, respondent agreed to handle the uncomplicated estate in June 2007, accepting $1,200 for his services. He did not open the estate, however, until the client, frustrated with delay and lack of communication, filed a grievance with the relator. In reply to the grievance, respondent promised to open the estate before the end of the year.

{¶ 6} Respondent did open the estate, and in March 2008, he applied to release the estate from administration and for transfer of two vehicles. That same

supersede the Code of Professional Responsibility. Although both the former and current rules are cited for the same acts, the allegations compose a single ethical violation. *Disciplinary Counsel v. Freeman*, 119 Ohio St.3d 330, 2008-Ohio-3836, 894 N.E.2d 31, ¶ 1, fn. 1.

month, respondent met with his client to obtain signatures on papers that he thought were sufficient to finalize and close the estate. Notwithstanding these filings by respondent, the estate remained open, and in May 2008, the client hired another attorney, who, at some additional expense, expeditiously completed the estate administration. Despite his client's repeated requests, respondent neither accounted for his $1,200 fee nor returned any unearned fees.

{¶ 7} The board accepted respondent's admissions to the cited misconduct, as do we.

*Count II*

{¶ 8} Count II charged respondent with violations of, among other rules, DR 6-101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter) and Prof.Cond.R. 1.3; DR 9-101(B)(4) [sic, DR 9-102(B)(4)] and Prof.Cond.R. 1.15 (requiring a lawyer to promptly deliver property in the lawyer's possession that the client is entitled to receive); and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate in a disciplinary investigation) and Prof.Cond.R. 8.1(b) (prohibiting a lawyer from withholding information or knowingly failing to respond during a disciplinary investigation). Respondent admitted that he committed this misconduct by accepting documents from a couple in anticipation of giving them legal advice, but failing to return calls from the couple, and then failing to respond during the ensuing disciplinary investigation.

{¶ 9} According to the stipulations, the couple consulted respondent in the fall of 2006 about a dispute with previous owners of their home. They entrusted respondent with all the documentation they had regarding the sale. Over the next year, respondent did not return the couple's calls. In April 2008, the couple demanded the return of their papers, but by that time, respondent had vacated his office and had stopped responding to voicemail messages. The couple then complained to relator, and respondent failed to respond to two letters of inquiry about their concerns.

**{¶ 10}** The board accepted respondent's admission to the cited misconduct, as do we.

### Count III

**{¶ 11}** Count III charged respondent with violations of Gov.Bar R. V(4)(G) and Prof.Cond.R. 8.1(b) and 8.4(h). Respondent admitted that he violated these rules by failing to appear when relator attempted to secure his appearance for a deposition. The board accepted respondent's admissions to the cited misconduct, as do we.

### Count IV

**{¶ 12}** Count IV charged respondent with violations, including DR 1-102(A)(6) and Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law); and DR 6-102(A)(1) and (2) [sic, DR 6-101(A)(1) and (2)] and Prof.Cond.R. 1.1 (prohibiting a lawyer from representing a client without the competency and preparation reasonably required by the undertaking). Respondent agreed that he violated these provisions by being mentally ill (alcohol-induced depression) and addicted to alcohol.

**{¶ 13}** The board found violations of DR 1-102(A)(6) and Prof.Cond.R. 8.4(h), citing medical evidence that respondent suffers from a "[s]ubstance-induced mood disorder (depression) due to alcohol use." Neither the board's finding nor relator's complaint, however, specified in Count IV an act or omission by respondent. Both instead relied solely on the fact that respondent has a mental illness and is addicted to alcohol, conditions that often lead to ethical violations but are not themselves ethical violations. As a result, we make no findings of misconduct relative to Count IV and dismiss that count of the complaint.

### Sanction

**{¶ 14}** In recommending a sanction for respondent's misconduct, the board weighed the aggravating and mitigating factors of his case. See BCGD

Proc.Reg. 10(B). Based on the parties' stipulations, the board found as an aggravating factor that respondent had committed multiple offenses. See BCGD Proc.Reg. 10(B)(1)(d). In mitigation, the parties stipulated and the board found that respondent had no prior disciplinary record and did not act dishonestly or out of self-interest. See BCGD Proc.Reg. 10(B)(2)(a) and (b).

{¶ 15} We accept these findings. We agree with the board that an actual suspension is not necessary for the public's protection in this case and thus do not accept the parties' stipulation to a two-year suspension with merely 18 months stayed. As the board aptly observed in adopting the panel's report, respondent's alcoholism caused all of his misconduct:

{¶ 16} "From the testimony received at the hearing, it was abundantly clear to the panel that all of the violations stipulated to were as a result of Respondent's dependence on alcohol. In the panel's opinion, but for the alcohol dependency, none of the violations would have occurred. Respondent does not have a prior disciplinary record and Respondent and Relator stipulated that there was an absence of dishonest or selfish motive. A suspension is not warranted in this case."

{¶ 17} The board did not mention the four-pronged test in BCGD Proc.Reg. 10(B)(2)(g), which affords mitigating effect to a chemical dependency upon proof of (i) a diagnosis of chemical dependency by a qualified health-care professional or alcohol-abuse counselor, (ii) a determination that the chemical dependency contributed to cause the misconduct, (iii) a certification of successful completion of an approved treatment program, and (iv) a prognosis from a qualified health-care professional that the attorney will be able to return to competent, ethical professional practice under specified conditions. We, however, find evidence of the first two elements in Dr. Beech's diagnosis and respondent's testimony that he was intoxicated daily during the events at issue.

**{¶ 18}** The record also supports a finding that respondent is in an approved treatment program and is able to return to the competent, ethical, and professional practice of law. Although respondent has failed to maintain contact with a representative of the Ohio Lawyers Assistance Program ("OLAP") in accordance with a five-year recovery contract that he signed in February 2009 as a follow-up to his 2007 contract, he does regularly attend Alcoholics Anonymous ("AA") meetings, keeps close contact with his AA sponsor, and insists that he has abstained from intoxicants since November 7, 2008. Respondent is also seeing a therapist regularly, and relator's counsel agreed that respondent has complied with his therapist's treatment regime.

**{¶ 19}** Based on the mitigating evidence, a two-year suspension from practice, all stayed on conditions designed to ensure respondent's continued treatment and management of his alcoholism, is appropriate. See, e.g., *Disciplinary Counsel v. Wineman*, 121 Ohio St.3d 614, 2009-Ohio-2005, 906 N.E.2d 1117 (attorney's license suspended for two years, with suspension stayed on remedial conditions, including two years of monitored probation, for attempting to represent clients while intoxicated). We therefore adopt the board's recommendation for a two-year, conditionally stayed suspension.

**{¶ 20}** Respondent is suspended from the practice of law in Ohio for two years. The suspension is stayed on the condition that respondent complete a two-year probation period under the oversight of a monitor appointed by relator in accordance with Gov.Bar R. V(9). During the probation, respondent shall (1) stay in compliance with the OLAP contract he entered into on February 17, 2009, and (2) refrain from further acts in violation of the Rules of Professional Conduct. If respondent fails to comply with the terms of the stay and probation, the stay will be lifted, and respondent will serve the entire two-year suspension from practice.

**{¶ 21}** Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Bradley N. Frick; and Bruce A. Campbell, Bar Counsel, and A. Alysha Clous, Assistant Bar Counsel, for relator.

Michael Paul Allerding, pro se.

_____