**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Stark Cty. Bar Assn. v. Kelley*, **Slip Opinion No. 2021-Ohio-770.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-770

STARK COUNTY BAR ASSOCIATION *v.* KELLEY.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Stark Cty. Bar Assn. v. Kelley*, Slip Opinion No. 2021-Ohio-770.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including failure to act with reasonable diligence in representing a client and withdrawing from representation of a client despite material adverse effects on the interests of the client—Several mitigating factors, including the absence of a prior disciplinary record and other interim rehabilitation—Conditionally stayed two-year suspension.*

(No. 2020-0970—Submitted January 13, 2021—Decided March 16, 2021.)

ON CERTIFIED REPORT by the Board of Professional Conduct

of the Supreme Court, No. 2019-056.

_____

**Per Curiam.**

{¶ 1} Respondent, Paul Michael Kelley, of Uniontown, Ohio, Attorney Registration No. 0088148, was admitted to the practice of law in Ohio in 2011.

{¶ 2} In a November 4, 2019 complaint, relator, Stark County Bar Association, alleged that among other things, Kelley neglected 15 separate clients, failed to reasonably communicate with those clients, and ultimately abandoned their representation without obtaining required court approval or making reasonable efforts to protect their legal interests.

{¶ 3} The parties entered into stipulations of fact and Kelley admitted to most of the charged misconduct. A three-member panel of the Board of Professional Conduct conducted a hearing during which it heard testimony from Kelley and two other witnesses. The panel largely accepted the parties' stipulations of fact and misconduct but unanimously dismissed a few of the charges against Kelley based on relator's recommendation or upon finding that they were not proven by clear and convincing evidence. Based on Kelley's misconduct and the relevant aggravating and mitigating factors, the panel recommended that we adopt the parties' stipulated sanction of a two-year conditionally stayed suspension. The board adopted the panel's findings of fact, conclusions of law, and recommendation.

{¶ 4} We adopt the board's findings of misconduct and agree that a conditionally stayed two-year suspension is the appropriate sanction for Kelley's misconduct.

**Facts and Misconduct**

{¶ 5} During a 24-hour period in early March 2018, emergency medical personnel twice transported Kelley to a local hospital for psychiatric evaluation. The first time, Kelley was medically cleared and discharged, but the second time, he was taken from the hospital to an inpatient mental-health-and-chemical-dependency facility after acknowledging that he was suffering from suicidal ideations and had recently abused several substances, including cocaine and Adderall.

{¶ 6} After he was admitted to the rehabilitation center, Kelley had his girlfriend place the following message on his office-telephone answering machine:

> This is on behalf of Attorney Paul Kelley. He is no longer able to take on any new cases or continue with any cases that he currently has due to health reasons. He is immediately out of commission and any cases that are currently active will need to be reassigned to a new lawyer. If you have a current active case please contact the county bar association in which your case resides. If it is Stark County the phone number is 330-453-0685 and if not then please contact the prosecutor's office to get new counsel.

{¶ 7} At that time, Kelley represented at least 15 clients in domestic-relations and criminal matters that were pending in Stark, Wayne, Trumbull, and Mahoning counties. He missed at least one hearing and made no arrangements to communicate with his clients, to continue representing them, or to withdraw as counsel in their pending court proceedings.

{¶ 8} Patrick Cusma, a member of the Stark County Bar Association who had recently confronted Kelley with suspicions of Kelley's substance abuse, heard rumors that Kelley was in trouble and called to check on him. Cusma heard the outgoing message on Kelley's answering machine and left a message offering to help. Cusma arranged to obtain client files from Kelley's girlfriend and transfer them to himself and other attorneys, all of whom had agreed to represent Kelley's affected clients pro bono. Kelley did not assist Cusma in that effort.

{¶ 9} In December 2018, Kelley suffered a relapse of his addiction and was again hospitalized. At that time, Kelley's girlfriend discovered

approximately 20 client files that Kelley had left in the trunk of her car (which he had abandoned at a gas station in Akron) and delivered them to relator's counsel.

{¶ 10} Kelley admitted that he abandoned 15 clients as a result of his substance-abuse and mental-health issues. He also stipulated, and the board found, that his conduct with respect to those clients violated five Rules of Professional Conduct, namely Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of the matter), 1.16(b)(1) (permitting a lawyer to withdraw from the representation of a client if the withdrawal can be accomplished without material adverse effect on the interests of the client), 1.16(c) (prohibiting a lawyer from withdrawing from representation in a proceeding without leave of court if the rules of the tribunal so require), and 1.16(d)(3) (requiring a lawyer withdrawing from representation to take steps that are reasonably practicable to protect a client's interest). The board also found that Kelley violated Prof.Cond.R. 1.4(a)(2) (requiring a lawyer to reasonably consult with the client about the means by which the client's objectives are to be accomplished) and 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from a client) with respect to each of the 15 affected clients. However, we find that those violations were charged only with respect to one of the affected clients and therefore, we limit our findings accordingly. Additionally, the board found that Kelley's abandonment of client files in his girlfriend's car violated Prof.Cond.R. 1.15(a) (requiring a lawyer to properly hold and safeguard property of clients that is in a lawyer's possession in connection with a representation) and 1.6(c) (requiring a lawyer to make reasonable efforts to prevent the inadvertent or unauthorized disclosure or unauthorized access to information related to the representation of a client).

{¶ 11} We adopt these amended findings of misconduct.

**Stipulated Sanction**

{¶ 12} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 13} The parties stipulated and the board found that one aggravating factor is present: Kelley committed multiple rule violations that involved multiple clients. *See* Gov.Bar R. V(13)(B)(4). As for mitigating factors, the board adopted the parties' stipulations that Kelley had no prior discipline, had no dishonest or selfish motive, had made full and free disclosure to the board and demonstrated a cooperative attitude toward the disciplinary proceedings, and had other interim rehabilitation—namely, treatment for his addiction. *See* Gov.Bar R. V(13)(C)(1), (2), (4), and (8).

{¶ 14} Kelley became addicted to stimulant medication that had been prescribed to treat a disorder first diagnosed during his childhood. At his disciplinary hearing, Saraha Martincak, a licensed chemical-dependency counselor, testified that she had diagnosed Kelley with moderate opioid-use disorder, moderate sedative- and hypnotic-use disorder, and severe amphetamine-type-use disorder associated with a cycle of using stimulants to get high and opioids or sedatives to come down from that high. The evidence shows that Kelley's addiction and subsequent admission to a drug-treatment facility in March 2018 contributed to cause his misconduct. Although Kelley did not present certification that he had successfully completed an approved treatment program, *see* Gov.Bar R. V(13)(C)(7)(c), Martincak reported that Kelley had completed 11 weeks of a 12-week outpatient treatment program during the summer of 2018. And according to a May 14, 2020 report from Paul A. Caimi, associate director of the Ohio Lawyers Assistance Program ("OLAP"), Kelley has followed Martincak's treatment recommendations and is in compliance with the terms of a

three-year OLAP contract he entered into in January 2018, although he suffered several relapses. That contract required him to participate in an outpatient treatment program consisting of individual and group therapy, to attend multiple 12-step meetings (e.g., Alcoholics Anonymous or Narcotics Anonymous) per week, and to submit to random drug screenings. In addition, Caimi reported that Kelley had abstained from all mind-altering drugs, including alcohol, for 11 months. Martincak testified that with one year of sobriety, Kelley would achieve sustained remission. She also opined that he could safely practice law, provided that he continued to abide by her existing treatment recommendations and remained in compliance with the conditions of his OLAP contract. On these facts, we find that although Kelley has not established his substance-use disorder as a mitigating factor pursuant to Gov.Bar R. V(13)(C)(7), his interim rehabilitation nonetheless warrants mitigating effect. *See* Gov.Bar R. V(13)(C)(8).

{¶ 15} The board recommends that we adopt the parties' stipulated sanction of a two-year suspension, stayed in its entirety on conditions designed to preserve Kelley's sobriety and develop his law-office-management skills. The board notes that we have imposed comparable sanctions on attorneys who have engaged in similar acts of misconduct fueled by a qualifying substance-use or mental-health disorder. In *Columbus Bar Assn. v. Allerding*, 123 Ohio St.3d 382, 2009-Ohio-5589, 916 N.E.2d 808, an attorney neglected two legal matters for approximately one year, failed to competently represent one of those clients, failed to promptly deliver funds or property that his clients were entitled to receive, and initially failed to cooperate in one of the ensuing disciplinary investigations. Like Kelley, Allerding had committed multiple offenses and had no prior disciplinary record or selfish or dishonest motive, though he also had a mitigating substance-use disorder. We suspended Allerding from the practice of

law for two years, but stayed the entire suspension on conditions designed to ensure the continued treatment and management of his alcoholism.

{¶ 16} In *Columbus Bar Assn. v. Bulson*, 160 Ohio St.3d 208, 2020-Ohio-3001, 155 N.E.3d 843, we imposed a conditionally stayed 18-month suspension on an attorney who neglected three client matters, failed to reasonably communicate with those clients, improperly managed his client trust account, failed to promptly return unearned fees and property to his clients, and failed to cooperate in the ensuing disciplinary investigations. Although Bulson had a prior attorney-registration suspension, engaged in a pattern of misconduct, committed multiple offenses, did not initially cooperate in the disciplinary process, and harmed vulnerable clients, he did not act with a selfish motive, cooperated in the disciplinary process once an amended complaint was filed, submitted evidence of his good character and reputation, and established the existence of a qualifying mitigating mental disorder.

{¶ 17} Although Kelley's misconduct involved a greater number of clients than the misconduct in *Allerding* and *Bulson*, it appears that his abandonment of those clients was relatively short lived—thanks to the quick action of Cusma and his colleagues in the Stark County Bar Association. The record shows that Kelley is committed to his sobriety and mental health; in fact, he recognized that he had a problem and entered into his OLAP contract approximately six weeks before his March 2018 hospitalization. He also testified that he resumed the practice of law in the summer of 2019 and that he has hired two paralegals to assist him with his practice. Moreover, Kelley testified that he had voluntarily paid the attorneys who assisted his clients a total of $4,900, and intended to pay them a total of $12,750, the fair-market value of their services. Cusma confirmed that Kelley began making those payments several months before his disciplinary hearing.

**{¶ 18}** After independently reviewing the record and relevant precedent, we agree that a two-year suspension, stayed in its entirety on the conditions recommended by the board is the appropriate sanction in this case.

## Conclusion

**{¶ 19}** Accordingly, Paul Michael Kelley is suspended from the practice of law for two years, with the entire suspension stayed on the conditions that he (1) remains in compliance with the terms of his January 27, 2018 OLAP contract and enters into an additional two-year contract upon the issuance of the final order in this case, (2) completes three hours of continuing legal education focused on law-office management, in addition to the requirements of Gov.Bar R. X, (3) serves a two-year period of monitored probation in accordance with Gov.Bar R. V(21), with monitoring focused on law-office management and compliance with his OLAP contract, and (4) engages in no further misconduct. If Kelley fails to comply with any condition of the stay, the stay will be lifted and he will serve the entire two-year suspension. Costs are taxed to Kelley.

Judgment accordingly.

O'CONNOR, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Richard S. Milligan, Bar Counsel, and Anthony E. Brown, for relator.
Paul Michael Kelley, pro se.

_____