**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Gernert*, **Slip Opinion No. 2026-Ohio-529.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-529

DISCIPLINARY COUNSEL *v.* GERNERT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Gernert*, Slip Opinion No. 2026-Ohio-529.]**

*Attorneys—Misconduct—Violation of the Rules of Professional Conduct by engaging in conduct that adversely reflects on a lawyer's fitness to practice law—Two-year suspension with 18 months conditionally stayed.*

(No. 2025-1322—Submitted December 10, 2025—Decided February 19, 2026.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2025-006.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, HESS, HAWKINS, and SHANAHAN, JJ. DEWINE and DETERS, JJ., concurred in part and dissented in part and would follow the recommendation of the Board of Professional Conduct to impose a conditionally stayed two-year suspension to be served consecutively to the two-year suspension imposed on October 31, 2024. MICHAEL D. HESS, J., of the Fourth District Court of Appeals, sat for BRUNNER, J.

**Per Curiam.**

{¶ 1} Respondent, Brian Nicholas Gernert, of Bucyrus, Ohio, Attorney Registration No. 0089507, was admitted to the practice of law in Ohio in 2012. On October 8, 2021, Gernert was appointed as the interim law director for the City of Bucyrus. After winning the primary election in May 2023, he ran unopposed and was elected as the Bucyrus law director in November 2023. He resigned from that position effective October 1, 2024.

{¶ 2} On May 23, 2024, we imposed a two-year conditionally stayed suspension on Gernert for alcohol-related misconduct consisting of his two convictions for operating a vehicle while intoxicated ("OVI") and his failure to appear and prosecute a municipal-court case due to his intoxication. *Disciplinary Counsel v. Gernert*, 2024-Ohio-1946, ¶ 2, 15, 44. The conditions of the stay required Gernert to, among other things, remain in compliance with the terms of his contract with the Ohio Lawyers Assistance Program ("OLAP") and comply with the terms of probation in his criminal cases. *Id.* at ¶ 44. After Gernert was charged with a third OVI offense in August 2024—less than three months into his two-year stayed suspension—relator, disciplinary counsel, filed a motion to lift the stay, arguing that Gernert had violated the terms of his OLAP contract and his probation that prohibited him from using alcohol. We found that Gernert had violated the conditions of the stay, and we revoked the stay on October 31, 2024, ordering Gernert to serve the full two-year suspension. *Disciplinary Counsel v. Gernert*, 2024-Ohio-5205, ¶ 2.

{¶ 3} In a May 2025 complaint, relator alleged that Gernert's conduct giving rise to his August 2024 OVI offense adversely reflects on his fitness to practice law. Gernert waived a probable-cause determination, and in his answer, he admitted to the charged misconduct.

{¶ 4} The parties submitted stipulations of fact and misconduct and aggravating and mitigating factors, along with 25 stipulated exhibits. The matter

proceeded to a hearing before a three-member panel of the Board of Professional Conduct. Gernert was the only witness to testify.

{¶ 5} The panel found that Gernert had committed the charged misconduct and recommended that he be suspended from the practice of law for two years with the suspension fully stayed on the conditions that he (1) continue to comply with his OLAP contract, (2) complete three hours of continuing legal education ("CLE") focused on alcoholism, substance abuse, or mental-health issues in addition to the requirements of Gov.Bar R. X, (3) comply with the terms of his sentence and probation imposed in his criminal cases, (4) serve a two-year period of monitored probation in accordance with Gov.Bar R. V(21), (5) pay the costs of these proceedings, and (6) engage in no further misconduct. The panel further recommended that this suspension run consecutively to the two-year suspension we imposed on October 31, 2024, in *Gernert*, 2024-Ohio-5205. The board adopted the panel's findings of fact, conclusions of law, and recommended sanction. No objections have been filed.

{¶ 6} We adopt the board's findings of misconduct, but for the reasons that follow, we suspend Gernert from the practice of law for two years with 18 months stayed on the conditions recommended by the board. This suspension shall be served consecutively to the two-year suspension we imposed on October 31, 2024. Upon his reinstatement to the practice of law, Gernert shall serve a two-year period of monitored probation.

**FACTS AND MISCONDUCT**

{¶ 7} On August 10, 2024, a witness observed Gernert, who at that time was the Bucyrus law director, driving erratically while traveling south on State Route 4 in Venice Township. The witness followed Gernert for approximately four miles and observed Gernert's vehicle drive off the side of the road and into a ditch before it went airborne, rolled, and landed in a field. The witness called 9-1-1.

{¶ 8} A Seneca County sheriff's deputy responded to the call. He observed that the driver, who he knew to be Gernert, could not maintain his balance or walk straight. He also observed the strong odor of alcohol coming from Gernert. When the deputy asked Gernert how much he had had to drink, Gernert replied, "At least a 12-pack."

{¶ 9} The deputy transported Gernert to the Seneca County Jail and offered him the opportunity to submit to a breathalyzer test; however, Gernert refused to take the test. The deputy obtained a warrant for Gernert's blood. Testing later showed that his blood-alcohol level was 0.328 grams by weight of alcohol per 100 milliliters of whole blood—over four times the legal limit. *See* R.C. 4511.19(A)(1)(b) (providing that no person shall operate any vehicle if the person "has a concentration of eight-hundredths of one [percent] or more . . . by weight per unit volume of alcohol in the person's whole blood").

{¶ 10} Gernert was charged with two first-degree misdemeanor traffic offenses—OVI, in violation of R.C. 4511.19(A)(1)(a), and OVI refusal, in violation of R.C. 4511.19(A)(2). He was arraigned on August 12 and released to the custody of his father on the condition that his father immediately transport him to Glenbeigh Hospital in Rock Creek for intensive inpatient treatment. The next day, Gernert began a 30-day inpatient treatment program.

{¶ 11} On August 23, an interim law director was appointed to serve in Gernert's absence. In mid-September, Gernert completed the inpatient treatment program and commenced an intensive outpatient treatment program. He resigned from his position as the Bucyrus law director, effective October 1, and completed his outpatient treatment program the following week. He then commenced a 12-week aftercare treatment program.

{¶ 12} On October 18, Gernert was separately charged with high-test OVI per se, in violation of R.C. 4511.19(A)(1)(h), which prohibits a person from

operating a vehicle with a certain concentration of alcohol of the person's *breath*.[1] Gernert pleaded guilty to the new charge, and the other charges related to the August 10 incident were dismissed.

{¶ 13} On December 16, the Tiffin-Fostoria Municipal Court sentenced Gernert to 120 days in jail. The court ordered the first 60 days in jail to commence on December 17 with credit for 30 days Gernert spent at an inpatient treatment facility and the second 60 days to be scheduled later. The court also sentenced Gernert to an additional 240 days in jail but conditionally suspended that sentence upon Gernert's compliance with the terms of a five-year probation sentence. Those terms included an eight-year driver's-license suspension and a prohibition against using alcohol, marijuana, or illegal drugs. The terms also required him to (1) obtain a drug-and-alcohol assessment, (2) submit to random drug-and-alcohol testing, (3) attend three Alcoholics Anonymous ("AA") meetings per week, and (4) wear a Secure Continuous Remote Alcohol Monitor ("SCRAM device") for two years.

{¶ 14} After serving his initial jail sentence, Gernert started a new 12-week aftercare treatment program. He successfully completed that program in April 2025, and in June 2025, the municipal court suspended his remaining jail time.

{¶ 15} The parties stipulated and the board found by clear and convincing evidence that Gernert's conduct violated Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). In *Disciplinary Counsel v. Bricker*, 2013-Ohio-3998, ¶ 21, we explained that to find a violation of Prof.Cond.R. 8.4(h), the evidence must demonstrate by clear and convincing evidence that either (1) the lawyer engaged in misconduct that adversely reflects on the lawyer's fitness to practice law, even though that conduct is not specifically prohibited by the Ohio Rules of Professional Conduct, or (2) the

---

1. Because only Gernert's blood was tested, it appears that he would have been more appropriately charged and convicted under R.C. 4511.19(A)(1)(f), which prohibits a person from operating a vehicle with a "concentration of seventeen-hundredths of one [percent] or more by weight per unit volume of alcohol in the person's whole blood."

conduct giving rise to a specific rule violation was so egregious that it warrants an additional finding that it adversely reflects on the lawyer's fitness to practice law. Because we find that Gernert's third OVI conviction adversely reflects on his fitness to practice law, even though that conduct is not specifically prohibited by the rules, we adopt the board's finding that Gernert's conduct violated Prof.Cond.R. 8.4(h).

## RECOMMENDED SANCTION

{¶ 16} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 17} The parties stipulated and the board found that just one aggravating factor is present in this case: Gernert's prior disciplinary offenses. *See* Gov.Bar R. V(13)(B)(1). As for mitigating factors, the parties stipulated and the board found that Gernert did not act with a dishonest motive, made full and free disclosure to the board and exhibited a cooperative attitude toward the disciplinary proceedings, presented evidence of his good character and reputation (in the form of letters submitted by a municipal-court magistrate, the Crawford County prosecuting attorney, two Bucyrus City Council members, a former client, and his AA sponsor), and had other penalties or sanctions imposed for his misconduct. *See* Gov.Bar R. V(13)(C)(2) and (4) through (6).

{¶ 18} In addition, the parties stipulated and the board found that Gernert had established a qualifying chemical dependency by presenting evidence that (1) a qualified chemical-dependency professional has diagnosed him with a disorder— namely alcohol-use disorder, severe, (2) his disorder contributed to cause his misconduct, (3) he has successfully completed an approved treatment program, and (4) he has received a prognosis from a qualified chemical-dependency professional that he would be able to return to the competent, ethical, and professional practice

of law under specified conditions. We agree with the board's determination that these aggravating and mitigating factors are present.

{¶ 19} The parties jointly recommended that Gernert receive a conditionally stayed two-year suspension for his misconduct in this case and that it run consecutively to his current suspension—from which Gernert cannot apply for reinstatement until October 31, 2026. Neither the parties nor the board found any cases with a similar factual or procedural history. Relying on our opinion in Gernert's prior disciplinary case, and the cases we cited in support of the sanction we imposed therein, the board recommends that we impose the sanction advanced by the parties.

{¶ 20} In both this case and Gernert's prior disciplinary case, we found that Gernert violated Prof.Cond.R. 8.4(h) by committing the offense of OVI—except that his earlier case involved *two* OVI convictions compared to just one here. *See Gernert*, 2024-Ohio-1946, at ¶ 8, 14, 19. But in his prior disciplinary case, Gernert also violated Prof.Cond.R. 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice) by failing to appear and prosecute a driving-under-suspension case due to his intoxication. *Id.* at ¶ 15-16, 18.

{¶ 21} Two aggravating factors were present in Gernert's prior disciplinary case—a pattern of misconduct and multiple offenses, *id*. at ¶ 21—whereas only a single aggravating factor of prior discipline is present here. Five mitigating factors were also present in Gernert's prior disciplinary case. *Id.* Those factors differ slightly from the mitigating factors present here: in the prior disciplinary case, Gernert had no prior discipline and he submitted evidence that he had engaged in other interim rehabilitation, but he did not establish the existence of a qualifying chemical dependency then as he has now. *See id*. at ¶ 21, 25.

{¶ 22} In Gernert's prior disciplinary case, we examined two cases in which we imposed fully stayed suspensions of one year or less for alcohol-related offenses. *See id.* at ¶ 27, citing *Disciplinary Counsel v. Connor*, 2004-Ohio-6902

(imposing a six-month conditionally stayed suspension on a judge who was convicted of driving while under the influence of alcohol in another state and who had previously been disciplined for a similar offense), and *Cleveland Metro. Bar Assn. v. Strauss*, 2021-Ohio-1263 (imposing a one-year conditionally stayed suspension on an attorney convicted of operating a vehicle without reasonable control, OVI, resisting arrest, leaving the scene of an accident, and unsafe operation of a vehicle in the vicinity of an emergency vehicle).

{¶ 23} We also considered four cases in which we imposed conditionally stayed two-year suspensions on attorneys who had engaged in deceit or client-related misconduct while under the influence of drugs or alcohol. *Gernert*, 2024-Ohio-1946, at ¶ 30, citing *Disciplinary Counsel v. Ault*, 2006-Ohio-4247 (judge was convicted of two misdemeanor offenses for deceiving multiple doctors into prescribing narcotics to satisfy his addiction to painkillers, but there was no evidence that his addiction compromised his professional performance), *Disciplinary Counsel v. Wineman*, 2009-Ohio-2005 (attorney attempted to represent two clients in court while intoxicated and represented another client at a municipal-court pretrial hearing and a jury trial while appearing to be under the influence of alcohol), *Disciplinary Counsel v. Scurry*, 2007-Ohio-4796 (attorney repeatedly met with clients and attempted to manage his professional affairs while intoxicated), and *Stark Cty. Bar Assn. v. Kelley*, 2021-Ohio-770 (attorney abandoned at least 15 clients while having a substance-abuse and mental-health crisis).

{¶ 24} We found that Gernert's misconduct in his prior disciplinary case was more serious than the misconduct at issue in *Connor* and *Strauss* because his misconduct consisted of two OVI convictions, several relapses of an apparent alcohol-use disorder, and two separate violations of the terms of probation imposed for his criminal conduct. *Gernert*, 2024-Ohio-1946, at ¶ 40. We also found that Gernert's misconduct was less egregious than the misconduct at issue in *Wineman*,

*Scurry*, and *Kelley* because Gernert did not cause harm to any clients and did not appear in court or attempt to represent any clients while he was intoxicated. *Gernert*, 2024-Ohio-1946, at ¶ 41. Nevertheless, to protect the public and support his recovery, we imposed a conditionally stayed two-year suspension comparable to the sanctions we imposed in *Ault*, *Wineman*, *Scurry*, and *Kelley*. *Gernert*, 2024-Ohio-1946, at ¶ 43. But that sanction was insufficient to deter Gernert from engaging in additional misconduct.

{¶ 25} We have recognized that

> "[i]f a prior attempt at discipline has been ineffective to provide the protection intended for the public, then such further safeguards should be imposed as will either tend to effect the reformation of the offender or remove him entirely from the practice. The discipline for a repeated offense may be much greater than would have been imposed were it a first offense, yet such greater discipline is not a meting out of further punishment for prior acts but is a determination of the attorney's fitness to practice."

*Disciplinary Counsel v. Lawson*, 2011-Ohio-4673, ¶ 34, quoting *In re Disbarment of Lieberman*, 163 Ohio St. 35, 41 (1955).

{¶ 26} In this case, Gernert's misconduct consists of just one OVI conviction. But he has previously been disciplined for committing similar alcohol-related offenses that placed himself and the public at significant risk. Moreover, with his most recent misconduct, Gernert violated the conditions of the stayed suspension that we had imposed in his prior disciplinary case, causing us to lift the stay and order him to serve the full two-year suspension. *See Gernert*, 2024-Ohio-5205, at ¶ 2.

{¶ 27} Although Gernert has struggled in the past to maintain his sobriety, by the August 29, 2025 disciplinary hearing in this matter, Gernert had completed both inpatient and outpatient treatment programs, followed by a 12-week aftercare treatment program. At that time, he had been sober for a little over a year, which by his own admission is his longest continuous period of sobriety. The evidence also shows that Gernert has complied with the treatment aspects of his OLAP contract and is consistently attending three AA meetings every week. Although he had fallen behind in his financial obligation to OLAP, the clinical director of OLAP reported that Gernert has expressed his intention to fulfill that obligation before the conclusion of his contract period. And by his own testimony, Gernert has complied with the other terms of his criminal probation—which, among other things, will require him to use a SCRAM device through January 2027.

{¶ 28} On these facts, we believe that a greater period of actual suspension than what the board recommends is necessary to impart the seriousness of Gernert's repeated violations and to allow him to focus more fully on his nascent sobriety without the additional stress attendant to the practice of law. We find that a two-year suspension with 18 months stayed on the conditions recommended by the board is the appropriate sanction to both foster Gernert's recovery and protect the public. This sanction shall be served consecutively to the two-year suspension we imposed on October 31, 2024. *See, e.g.*, *Cuyahoga Cty. Bar Assn. v. Church*, 2008-Ohio-81, ¶ 15-16 (ordering attorney to serve a second indefinite suspension consecutively to a previously imposed indefinite suspension for committing nearly identical misconduct in both instances).

## CONCLUSION

{¶ 29} Accordingly, Brian Nicholas Gernert is hereby suspended from the practice of law in Ohio for two years with 18 months stayed on the conditions that he (1) remain in compliance with his existing OLAP contract and any extension thereof as recommended by OLAP, (2) complete three hours of CLE focused on

10

alcoholism, substance abuse, or mental-health issues in addition to the requirements of Gov.Bar R. X, (3) comply with the terms of his sentence and probation imposed in his criminal cases, (4) pay the costs of these proceedings, and (5) engage in no further misconduct. This suspension shall be served consecutively to the two-year suspension imposed on October 31, 2024, in *Gernert*, 2024-Ohio-5205. If Gernert fails to comply with any condition of the stay, the stay will be revoked and he will be required to serve the full two-year suspension. Upon his reinstatement to the practice of law, Gernert shall serve a two-year period of monitored probation in accordance with Gov.Bar R. V(21). Costs are taxed to Gernert.

Judgment accordingly.

_____

Joseph M. Caligiuri, Disciplinary Counsel, and Benjamin B. Nelson, Assistant Disciplinary Counsel, for relator.

Brian Nicholas Gernert, pro se.

_____