[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cleveland Metro. Bar Assn. v. Strauss*, Slip Opinion No. 2021-Ohio-1263.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-1263

CLEVELAND METROPOLITAN BAR ASSOCIATION *v*. STRAUSS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cleveland Metro. Bar Assn. v. Strauss*, Slip Opinion No. 2021-Ohio-1263.]

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct— Conduct adversely reflecting on fitness to practice law—Engaging in an illegal act that reflects adversely on the lawyer's honesty or trustworthiness—Conditionally stayed one-year suspension.*

(No. 2020-1512—Submitted January 27, 2021—Decided April 15, 2021.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2020-032.

_____

**Per Curiam.**

{¶ 1} Respondent, Marc Ian Strauss, of Willoughby Hills, Ohio, Attorney Registration No. 0036808, was admitted to the practice of law in Ohio in 1986.

{¶ 2} In a July 1, 2020 complaint, relator, Cleveland Metropolitan Bar Association, alleged that Strauss committed illegal acts that adversely reflect on

his honesty, trustworthiness, and fitness to practice law when he operated a vehicle under the influence of alcohol, struck a parked police vehicle, and fled.

{¶ 3} The parties submitted stipulations of fact, misconduct, and aggravating and mitigating factors and agreed that a one-year conditionally stayed suspension was the appropriate sanction for Strauss's misconduct. After a hearing, a three-member panel of the Board of Professional Conduct issued a report finding that Strauss had committed the charged misconduct. Though the panel rejected the stipulated aggravating factor and one of the stipulated mitigating factors, it recommended that the board adopt the parties' stipulated sanction. The board adopted the panel's report in its entirety.

{¶ 4} We adopt the board's findings of misconduct and suspend Strauss from the practice of law for one year, stayed in its entirety on the conditions recommended by the board.

### Stipulated Facts and Misconduct

{¶ 5} On March 2, 2018, at approximately 2:00 a.m., Strauss was driving southbound on I-271 in snowy conditions when he rear-ended a Beachwood police cruiser parked on the side of the road near the scene of another accident. Although the impact caused substantial damage to Strauss's car and the cruiser, Strauss left the scene without stopping. He continued driving southbound on I-271 until he crashed into the median; he then abandoned his vehicle and fled on foot. Police officers found Strauss walking in the middle of a nearby road. He did not obey their orders to stop and continued walking. The police officers arrested Strauss and took him to the Beachwood Police Department, where an officer read him his rights and administered field sobriety tests. An Intoxilyzer breath-alcohol test performed at approximately 2:47 a.m. showed that Strauss's blood-alcohol content was 0.148.

{¶ 6} On January 7, 2019, Strauss pleaded no contest to two counts of operating a vehicle without reasonable control and single counts of resisting

arrest, leaving the scene of an accident, unsafe operation of a vehicle in the vicinity of an emergency vehicle, and operating a vehicle while intoxicated ("OVI").[1] *Beachwood v. Strauss*, Shaker Heights M.C. case Nos. 18TRC00044, 18CRB00246, and 18TRD012106.

{¶ 7} On April 15, 2019, Strauss was sentenced to 90 days in jail with 87 days suspended and three days' credit for successful completion of an accredited driver-intervention program. His driver's license was suspended for two years from the date of the accident, with driving privileges conditioned on the installation of an interlock device on his vehicle. He was also placed on active probation for 12 months followed by 24 months of inactive (nonreporting) probation. Strauss completed his term of active probation, which required him to attend two Alcoholics Anonymous meetings per week, wear a secure continuous remote alcohol-monitoring device, and pay a fine and court costs. He remains subject to inactive probation until April 15, 2022.

{¶ 8} The parties stipulated and the board found that Strauss's conduct violated Prof.Cond.R. 8.4(b) (committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness) and 8.4(h) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law). We adopt the board's findings of misconduct and determine that his efforts to flee the scene of the accident and avoid arrest are sufficiently egregious to warrant finding a violation of Prof.Cond.R. 8.4(h). *See Disciplinary Counsel v. Bricker*, 137 Ohio St.3d 35, 2013-Ohio-3998, 997 N.E.2d 500, ¶ 21.

**Sanction**

{¶ 9} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the

---

1. Strauss was previously charged with OVI in the Euclid Municipal Court in August 2012 and pleaded no contest to a charge of physical control of a vehicle while under the influence.

aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 10} The board did not find any aggravating factors in this case. The board rejected the parties' stipulation that Strauss's past monetary sanctions for failing to comply with continuing-legal-education ("CLE") requirements were an aggravating factor under Gov.Bar R. (V)(13)(B)(1). *See* Gov.Bar. R. X(17)(C) (monetary sanctions imposed for CLE violations shall not be considered as prior discipline).

{¶ 11} As to mitigating factors, because Strauss stipulated that he had engaged in illegal conduct that adversely reflected on his honesty or trustworthiness in violation of Prof.Cond.R. 8.4(b) when he fled the scene of the accident, the board rejected the parties' stipulation that the absence of a dishonest or selfish motive was a mitigating factor in this case. *See* Gov.Bar R. (V)(13)(C)(2). The board did, however, attribute mitigating effect to Strauss's clean disciplinary record and to his full and free disclosure to the board and cooperative attitude toward the disciplinary proceedings, as demonstrated by his extensive stipulations and candor at his disciplinary hearing. *See* Gov.Bar R. V(13)(C)(1) and (4). We adopt these findings and also accept the parties' stipulation that the criminal penalties imposed for Strauss's misconduct qualify as an additional mitigating factor. *See* Gov.Bar R. V(13)(C)(6).

{¶ 12} In addition to these mitigating factors, the board noted that although he maintains an active law license, Strauss left the practice of law in 2006 to engage in real-estate development full time and he performs limited legal work for his friends, family, and business entities.

{¶ 13} The parties stipulated and the board found that a one-year conditionally stayed suspension is the appropriate sanction for Strauss's misconduct. In support of that sanction, the board considered three cases in which we have disciplined attorneys who have been convicted of OVI or related

offenses. In two of those cases, we imposed two-year partially stayed suspensions, but those attorneys also had engaged in additional acts of misconduct. In *Lorain Cty. Bar Assn. v. Lewis*, 152 Ohio St.3d 614, 2018-Ohio-2024, 99 N.E.3d 404, we imposed a two-year suspension with the final six months conditionally stayed on an attorney who had been previously disciplined; he had left the scene of an auto accident after a night of drinking and was later convicted of obstructing official business for submitting a false, written witness statement to police. And in *Disciplinary Counsel v. Halligan*, 157 Ohio St.3d 447, 2019-Ohio-3748, 137 N.E.3d 1141, we imposed a two-year suspension with 18 months conditionally stayed on an attorney who, in addition to being convicted of OVI, appeared in court on behalf of himself and at least one client while under the influence of alcohol and committed additional client-related ethical offenses.

{¶ 14} In the third case, *Disciplinary Counsel v. Mitchell*, 158 Ohio St.3d 356, 2019-Ohio-5218, 142 N.E.3d 669, the attorney, like Strauss, stipulated that he violated Prof.Cond.R. 8.4(b) and 8.4(h) by driving while intoxicated and leaving the scene of an accident. Both the driver and passenger in the vehicle that Mitchell struck sustained minor injuries. Consequently, Mitchell was convicted of a felony count of leaving the scene of an accident involving injury or death and a misdemeanor count of driving while intoxicated. *Id.* at ¶ 6. In contrast, Strauss was the only person injured by his conduct in this case, and he was convicted of six misdemeanor offenses.

{¶ 15} In *Mitchell*, the only aggravating factor present was Mitchell's dishonest or selfish motive. In addition to having the same mitigating factors that are present in Strauss's case, Mitchell self-reported his criminal convictions to disciplinary authorities, submitted letters attesting to his good character, and established his diagnosed alcoholism as a mitigating factor pursuant to Gov.Bar R. V(13)(C)(7). *Id.* at ¶ 11. On those facts, we suspended Mitchell from the practice of law for one year, stayed in its entirety on the conditions that he

successfully complete his criminal probation, continue to actively participate in the substance-abuse-recovery and treatment programs recommended by his treatment professionals, remain drug- and alcohol-free, and commit no further misconduct. *Id.* at ¶ 14.

{¶ 16} In this case, the board expressed some concern that Strauss was reluctant to submit to an assessment conducted by the Ohio Lawyers Assistance Program. It noted, however, that that concern was diminished by the facts that (1) an assessment completed as part of Strauss's criminal sanction found that he had no substance-use disorder and (2) relator never sought an order to compel any further assessment. Ultimately, the board determined that a one-year suspension, stayed in its entirety on the conditions that Strauss commit no further misconduct and comply with the terms of his inactive probation—which requires him to refrain from using nonprescriptive drugs and submit to random drug testing—is the appropriate sanction for his misconduct.

{¶ 17} Having thoroughly reviewed the board's findings of fact and conclusions of law, the applicable mitigating factors, and the sanctions we have imposed for comparable misconduct, we agree.

### Conclusion

{¶ 18} Accordingly, Marc Ian Strauss is suspended from the practice of law in Ohio for one year, stayed in its entirety on the conditions that he engage in no further misconduct and abide by the terms of the probation imposed by the Shaker Heights Municipal Court in case No. 18TRC0004. If Strauss fails to comply with either of these conditions, the stay will be lifted and he will serve the full one-year suspension. Costs are taxed to Strauss.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, STEWART, and BRUNNER, JJ., concur.

DONNELLY, J., not participating.

6

———————————

Brenda M. Johnson, and Jordan D. Lebovitz; and Heather M. Zirke, Bar Counsel, and Christopher J. Klasa, Assistant Bar Counsel, for relator.

Marc Ian Strauss, pro se.

———————————