[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Warner*, Slip Opinion No. 2024-Ohio-551.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-551

DISCIPLINARY COUNSEL *v*. WARNER.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Warner*, Slip Opinion No. 2024-Ohio-551.]

*Judges—Misconduct—Violations of the Code of Judicial Conduct and the Rules of Professional Conduct—Indefinite suspension with no credit for time served under interim felony suspension.*

(No. 2023-0180—Submitted May 16, 2023—Decided February 16, 2024.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2022-021.

_____

KENNEDY, C.J.

{¶ 1} Respondent, Jason Daniel Warner, of Marion, Ohio, Attorney Registration No. 0066451, was admitted to the practice of law in Ohio in 1996. On March 12, 2021, we suspended his license on an interim basis following his felony convictions on one count each of complicity to leaving the scene of an accident and

complicity to tampering with evidence, and that suspension remains in effect. *See In re Warner*, 163 Ohio St.3d 1271, 2021-Ohio-721, 169 N.E.3d 706.

{¶ 2} In a June 2, 2022 complaint, relator, disciplinary counsel, charged Warner with professional misconduct arising from his felony convictions. After conducting a hearing, a three-member panel of the Board of Professional Conduct issued a report finding that Warner had committed the alleged rule violations, and it recommended that he be indefinitely suspended from the practice of law with no credit for time served under his interim felony suspension. The board adopted the panel's findings of fact, conclusions of law, and recommended sanction.

{¶ 3} For the reasons that follow, we adopt the board's findings of misconduct and recommended sanction. We indefinitely suspend Warner from the practice of law with no credit for time served under his interim felony suspension.

**MISCONDUCT**

{¶ 4} Just after midnight on June 4, 2020, Warner—then a judge of the Marion County Court of Common Pleas—and his wife were returning home from social gatherings where they had consumed alcohol. Warner's wife was driving a Jeep Wrangler, and she failed to yield to an oncoming vehicle. The Warners' jeep struck the other vehicle, a BMW X3, causing it to go off the road and hit a utility pole. Witnesses saw a man and a woman walking around the crash site and look into the BMW before driving away without calling 9-1-1 or waiting for first responders to arrive. One of the witnesses called 9-1-1. The victim had to be extracted from his vehicle with the jaws of life, and he suffered serious injuries. After arriving home, the Warners left their jeep in their garage and waited approximately nine hours before contacting law enforcement. Warner's wife admitted to driving the jeep during the crash, an admission that was confirmed by the investigation.

{¶ 5} Warner was charged with two counts of complicity to commit vehicular assault and one count each of complicity to leaving the scene of an

accident and complicity to tampering with evidence. Before trial, the two vehicular-assault counts were dismissed. After a bench trial, Warner was convicted of the two remaining complicity counts, and the trial court imposed an aggregate two-year prison sentence. The Third District Court of Appeals affirmed, rejecting Warner's claims that his convictions were supported by insufficient evidence and were against the manifest weight of the evidence as well as his argument that the trial court deprived him of a fair trial. *State v. Warner*, 3d Dist. Marion No. 9-21-15, 2021-Ohio-4182, ¶ 1, 82. We declined Warner's appeal. 166 Ohio St.3d 1448, 2022-Ohio-994, 184 N.E.3d 158.

{¶ 6} Disciplinary counsel filed a complaint charging Warner with professional misconduct arising from his felony convictions. The complaint alleged that Warner's conduct violated Jud.Cond.R. 1.1 (requiring a judge to comply with the law), Jud.Cond.R. 1.2 (requiring a judge to act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary and to avoid impropriety and the appearance of impropriety), Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), Prof.Cond.R. 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), and Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

{¶ 7} The panel unanimously dismissed the alleged violation of Prof.Cond.R. 8.4(c) but found by clear and convincing evidence that Warner violated Jud.Cond.R. 1.1 and 1.2 and Prof.Cond.R. 8.4(b), 8.4(d), and 8.4(h). The board adopted the panel's findings of fact and conclusions of law and recommends that we indefinitely suspend Warner from the practice of law with no credit for time served under his interim felony suspension.

**{¶ 8}** Warner objects to the board's report. As his first objection, he asserts that the board could not recommend an appropriate sanction to this court, because the panel failed to discuss in its report evidence that Warner says is undisputed and demonstrates that he lacked the criminal intent to commit the two offenses of which he was convicted. Warner points to his wife's testimony indicating that after the accident, she told him to get into the jeep and then drove off despite his protests. He also relies on his own testimony that he did not assist his wife in leaving the scene of the accident or share her criminal intent as well as his statements that he did not realize that his wife would drive away once he got into the vehicle. In addition, Warner notes the testimony of his criminal-defense attorney, who had advised Warner not to testify in the criminal proceeding and who did not believe that there was any evidence implicating Warner in criminal activity. Lastly, he points to positive character evidence he had submitted, which was noted but not discussed at length in the panel's report.

**{¶ 9}** Warner's claim that the board was ignorant of the evidence in the record is speculative. In any event, it is this court, not the board, that is the ultimate arbiter of the facts of the case, the law that applies to the facts, and the discipline that should be imposed. *Cuyahoga Cty. Bar Assn. v. Veneziano*, 120 Ohio St.3d 451, 2008-Ohio-6789, 900 N.E.2d 185, ¶ 6; *Cincinnati Bar Assn. v. Heitzler*, 32 Ohio St.2d 214, 220, 291 N.E.2d 477 (1972). The board " 'makes recommendations as to the facts which should be found and the action which should be taken by this court. However, this court has full responsibility for determining what the facts are and what action should be taken on those facts.' " *Heitzler* at 220, quoting *Mahoning Cty. Bar Assn. v. Ruffalo*, 176 Ohio St. 263, 263-264, 199 N.E.2d 396 (1964).

**{¶ 10}** Even assuming that the panel's report was deficient for failing to expressly discuss evidence that Warner had submitted, our independent review of the record cures any such error. We therefore overrule Warner's first objection.

**{¶ 11}** As his second objection, Warner initially contends that the evidence does not prove the rule violations charged in the complaint. He again points to his testimony and the testimony of his wife and of his defense counsel to show that he did not share his wife's criminal intent when she left the scene of the accident and tampered with evidence and that he did not engage in any affirmative act to aid or abet her crimes. He maintains that as the passenger in the vehicle, he had no legal duty to remain at the scene, to prevent his wife from leaving it, or to render aid to anyone who was injured in the accident.

**{¶ 12}** However, "[a] certified copy of the entry of conviction of an offense * * * shall be conclusive evidence of the commission of that offense * * * in any disciplinary proceedings instituted against a judicial officer or an attorney based upon the conviction." Gov.Bar R. V(18)(B). "Consequently, we have held that 'a disciplinary proceeding is not an appropriate forum in which to collaterally attack a criminal conviction.' " *Disciplinary Counsel v. Hunter*, __ Ohio St.3d __, 2023-Ohio-4168, __ N.E.3d __, ¶ 24, quoting *Greater Cleveland Bar Assn. v. Chvosta*, 62 Ohio St.2d 429, 430, 406 N.E.2d 524 (1980). Warner therefore cannot challenge in this disciplinary proceeding the fact that he has been convicted of complicity to leaving the scene of an accident and complicity to tampering with evidence.

**{¶ 13}** Warner's convictions for these two felonies establish that he failed to comply with the law, in violation of Jud.Cond.R. 1.1. He stipulated that he violated Jud.Cond.R. 1.2. His conviction for complicity to tampering with evidence is based on "an illegal act that reflects adversely on the lawyer's honesty or trustworthiness," Prof.Cond.R. 8.4(b), and is "conduct that is prejudicial to the administration of justice," Prof.Cond.R. 8.4(d). *See Disciplinary Counsel v. Cohen*, 142 Ohio St.3d 471, 2015-Ohio-2020, 32 N.E.3d 455, ¶ 3-4 (finding that an attorney convicted of attempted tampering with evidence and attempted obstruction of justice violated Prof.Cond.R. 8.4(b) and (d)). Further, in *Cleveland Metro. Bar Assn. v. Strauss*, we found that an attorney who had left the scene of an accident

and resisted arrest violated Prof.Cond.R. 8.4(b). 165 Ohio St.3d 45, 2021-Ohio-1263, 175 N.E.3d 516, ¶ 6, 8.

{¶ 14} As for the last rule violation alleged here, to find a violation of Prof.Cond.R. 8.4(h) premised on conduct giving rise to a specific rule violation, the conduct must be "so egregious as to warrant an additional finding that it adversely reflects on the lawyer's fitness to practice law," *Disciplinary Counsel v. Bricker*, 137 Ohio St.3d 35, 2013-Ohio-3998, 997 N.E.2d 500, ¶ 21. In *Strauss*, a case in which an attorney had been convicted of leaving the scene of an accident and resisting arrest, among other crimes, we stated that "efforts to flee the scene of the accident and avoid arrest are sufficiently egregious to warrant finding a violation of Prof.Cond.R. 8.4(h)." *Strauss* at ¶ 8.

{¶ 15} Here, Warner was complicit in leaving the scene of an accident and tampering with evidence. Photographs show that the victim's BMW was badly damaged after colliding with the Warners' jeep and a utility pole, and Warner should have known that the victim could have been seriously injured. In fact, the victim was seriously injured and had to be extracted from his vehicle with the jaws of life. Warner did not know whether anyone else was coming to the victim's assistance, yet he did not call 9-1-1, and he acknowledged that he "could have left [the victim] for dead." Nonetheless, Warner left the scene of the accident without doing anything to aid the victim. We conclude that under these circumstances, Warner's misconduct while a sitting common-pleas-court judge is sufficiently egregious as to warrant a finding that it adversely reflects on his fitness to practice law under Prof.Cond.R. 8.4(h).

{¶ 16} After an independent review of the record, we adopt the board's findings of misconduct.

## SANCTION

{¶ 17} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the

aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 18} The parties stipulated to the aggravating factor of vulnerability of and harm resulting to the victim. *See* Gov.Bar R. V(13)(B)(8). The board found that three other aggravating factors are also present in this case: Warner acted with a selfish motive, committed multiple offenses, and failed to acknowledge the wrongful nature of his conduct. *See* Gov.Bar R. V(13)(B)(2), (4), and (7). As for mitigating factors, the parties stipulated, and the board agreed, that Warner had no prior disciplinary record, had made a timely, good-faith effort to make restitution, had engaged in full and free disclosure to the board and had a cooperative attitude toward the proceedings, had provided evidence of his good character and reputation, and had been subjected to other penalties. *See* Gov.Bar R. V(13)(C)(1) and (3) through (6). Warner does not contest these findings other than to state that he is "unclear" whether his convictions for two separate offenses stemming from "a single incident on a single date" are multiple offenses for purposes of Gov.Bar R. V(13)(B)(4). They are multiple offenses under the plain meaning of the rule. We adopt the aggravating and mitigating factors found by the board.

{¶ 19} The board recommends that we indefinitely suspend Warner from the practice of law with no credit for time served under his interim felony suspension. In support of that recommended sanction, the board distinguished cases in which we permanently disbarred judges, explaining that "[c]ases that lead to disbarment typically arise from repeated, purposeful, preplanned felonious conduct" while Warner's misconduct, "although reprehensible and abhorrent, stemmed from a single, unpremeditated act." The board cited *Disciplinary Counsel v. Terry*, 147 Ohio St.3d 169, 2016-Ohio-563, 63 N.E.3d 88, *Disciplinary Counsel v. McAuliffe*, 121 Ohio St.3d 315, 2009-Ohio-1151, 903 N.E.2d 1209, and *Disciplinary Counsel v. Gallagher*, 82 Ohio St.3d 51, 693 N.E.2d 1078 (1998), in support of this reasoning.

**{¶ 20}** In deciding whether to permanently disbar a judge in *Terry*, we distinguished the judge's misconduct in committing felony offenses while acting in his official capacity from misconduct that did not involve misuse of a judge's judicial position. *Terry* at ¶ 17. And in *Ohio State Bar Assn. v. McCafferty*, we noted that in three prior cases in which judges had been permanently disbarred, "the judges had engaged in criminal conduct over a period of time, from a few days to months, and the misconduct was preplanned." 140 Ohio St.3d 229, 2014-Ohio-3075, 17 N.E.3d 521, ¶ 23, citing *Gallagher*, *McAuliffe*, and *Disciplinary Counsel v. Hoskins*, 119 Ohio St.3d 17, 2008-Ohio-3194, 891 N.E.2d 324. Here, Warner's misconduct did not occur in his capacity as a judge. Nor did he engage in preplanned criminal misconduct over an extended period of time. We therefore agree that permanent disbarment is not warranted.

**{¶ 21}** As part of his second objection, Warner points to cases in which we imposed term suspensions on attorneys who left the scene of an accident. *See Strauss*, 165 Ohio St.3d 45, 2021-Ohio-1263, 175 N.E.3d 516; *Disciplinary Counsel v. Mitchell*, 158 Ohio St.3d 356, 2019-Ohio-5218, 142 N.E.3d 669; *Lorain Cty. Bar Assn. v Lucas*, 152 Ohio St.3d 614, 2018-Ohio-2024, 99 N.E.3d 404. Relying on these cases, Warner urges us to impose a two-year suspension from the practice of law. But as he acknowledges, those cases involved attorneys, not sitting judges.

**{¶ 22}** We have long recognized that "judges are held to the highest possible standard of ethical conduct." *McCafferty* at ¶ 16, citing *Mahoning Cty. Bar Assn. v. Franko*, 168 Ohio St. 17, 23, 151 N.E.2d 17 (1958). Therefore, we have explained, " 'Judges are held to higher standards of integrity and ethical conduct than attorneys or other persons not invested with the public trust.' " *Disciplinary Counsel v. O'Neill*, 103 Ohio St.3d 204, 2004-Ohio-4704, 815 N.E.2d 286, ¶ 57, quoting Shaman, Lubet & Alfini, *Judicial Conduct and Ethics* 1-2 (3d Ed.2000). Further, neither the parties nor the board have cited a case in which a

judge convicted of a felony received a sanction less severe than an indefinite suspension. Indeed, we recently said that "our jurisprudence does not contain any cases in which a judge was convicted of *any* felony and received a disciplinary sanction less than an indefinite suspension or permanent disbarment." (Emphasis sic.) *Hunter*, __ Ohio St.3d __, 2023-Ohio-4168, __ N.E.3d __, at ¶ 36. We see no reason for departing from our precedent in this case.

{¶ 23} We therefore overrule Warner's second objection. We adopt the board's recommendation that Warner be indefinitely suspended with no credit for time he has served under his interim felony suspension.

### CONCLUSION

{¶ 24} " 'Because they are so important to our society, judges must be competent and ethical, and their actions must foster respect for their decisions as well as for the judiciary as a whole. Given that they hold positions of considerable authority and are entrusted with a great deal of power and discretion, judges are expected to conduct themselves according to high standards of professional conduct.' " *O'Neill* at ¶ 57, quoting Shaman, Lubet & Alfini at 1-2. Warner failed to live up to those high standards.

{¶ 25} Accordingly, Jason Daniel Warner is indefinitely suspended from the practice of law in Ohio with no credit for time he has served under his interim felony suspension. Costs are taxed to Warner.

Judgment accordingly.

DEWINE, DONNELLY, STEWART, and DETERS, JJ., concur.

FISCHER, J., concurs, with an opinion.

BRUNNER, J., not participating.

_____

**FISCHER, J., concurring.**

{¶ 26} I agree with the majority opinion that respondent Jason Daniel Warner's felony convictions establish that he committed professional misconduct,

and I agree that he should be indefinitely suspended from the practice of law with no credit for time served under his interim felony suspension. Therefore, I join the majority opinion. I write separately to note that after deviating from it once last year, this court today returns to its consistent line of precedent under which a judge who has been convicted of a felony offense is not awarded any credit for time served under an interim felony suspension.

{¶ 27} "When a judge's felonious conduct brings disrepute to the judicial system, the institution is irreparably harmed." *Disciplinary Counsel v. Gallagher*, 82 Ohio St.3d 51, 53, 693 N.E.2d 1078 (1998). In sanctioning a judge who has been convicted of a felony offense, we aim to protect the public and the integrity of our judicial system. *Id.* Judges who commit such offenses deserve "the full measure of our disciplinary authority." *Id.*

{¶ 28} There has been only one case in this state in which a judge who was indefinitely suspended following a felony conviction was given credit for time served under the interim felony suspension. *Compare Disciplinary Counsel v. Hunter*, __ Ohio St.3d __, 2023-Ohio-4168, __ N.E.3d __, ¶ 41, *with, e.g., Disciplinary Counsel v. Crane*, 56 Ohio St.3d 38, 564 N.E.2d 96 (1990); *Ohio State Bar Assn. v. McCafferty*, 140 Ohio St.3d 229, 2014-Ohio-3075, 17 N.E.3d 521, ¶ 26. This court made an exception in *Hunter* because the judge had served nearly nine years under her interim felony suspension. *See Hunter* at ¶ 40. This court never should have made such an exception because standing alone, the fact that an interim felony suspension has lasted longer in one case than in another is no reason for this court to shorten suspension time, especially in a matter involving a judge who committed a serious offense.

{¶ 29} As the majority opinion notes, " ' "judges are expected to conduct themselves according to high standards of professional conduct." ' " Majority opinion, ¶ 24, quoting *Disciplinary Counsel v. O'Neill*, 103 Ohio St.3d 204, 2004-Ohio-4704, 815 N.E.2d 286, ¶ 57, quoting Shaman, Lubet & Alfini, *Judicial*

*Conduct and Ethics* 1-2 (3d Ed.2000). We hold judges " ' "to higher standards of integrity and ethical conduct than attorneys or other persons not invested with the public trust." ' " *Id.* at ¶ 22, quoting *O'Neill* at ¶ 57, quoting Shaman et al. at 1-2. If the public cannot rely on judges to do what is right, then the public may rightfully question the entire system. *See In re Hughes*, 640 N.E.2d 1065, 1067 (Ind.1994).

{¶ 30} To be consistent with the disciplinary sanctions that we have previously imposed on judges who had been convicted of felony offenses and to ensure respect for and trust in our system, we cannot award a judge who has been convicted of a felony offense with time served under the interim felony suspension. Because this court today appropriately returns to its pre-*Hunter* precedent and does not award Warner credit for time served under his interim felony suspension, I respectfully concur.

—————————————

Joseph M. Caligiuri, Disciplinary Counsel, for relator.

Kidd & Urling, L.L.C., Thomas W. Kidd Jr., and James P. Urling, for respondent.

—————————————